UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
DENNY NICHOLS, GEORGIA NICHOLS,  )
                                 )
          Plaintiffs             )
                                 )
     v.                          )   CIVIL NO. 2:10 cv 252
                                 )
HOME DEPOT USA, INC.; HD         )
DEVELOPMENT OF MARYLAND, INC;    )
ARCTIC SNOW AND ICE CONTROL,     )
INC.,                            )
                                 )
          Defendants             )
```

OPINION AND ORDER

This matter is before the court on the Motion to Strike Improper Nonparty Defense of Defendant Arctic Snow and Ice Control, Inc. [DE 24] filed by the plaintiffs, Denny and Georgia Nichols, on June 20, 2011. For the following reasons, the motion is **GRANTED.**

Background

The plaintiff, Denny Nichols, slipped and fell on ice at the Home Depot located in Hobart, Indiana. At the time of this incident, Arctic Snow and Ice Control, Inc. was responsible for the snow and ice removal. Nichols filed a complaint against Home Depot and Arctic Snow, alleging that the defendants were negligent in maintaining the premises. Arctic Snow filed its amended answer on May 19, 2011. Arctic Snow's fourth affirmative defense states in pertinent part:

1. The plaintiff's claimed injuries and damages, if any, may have been proximately caused in full or in part by non-parties and/or co-defendants.

2. The defendant asserts that present or future co-defendants in this action were at fault, and that such fault proximately caused plaintiff's injuries and damages, if any.

3. If any present or future defendants herein are later dismissed, defendant now objects to the dismissal and states that such persons or corporations are "non parties" whose fault must be considered by the trier of fact in rendering any verdict.

The plaintiffs filed a motion to strike the nonparty defense on June 20, 2011, arguing that Arctic Snow's failure to identify the nonparties is fatal to its defense.

## Discussion

Federal Rule of Civil Procedure 12(f) states that "the court may strike from a pleading any . . . redundant, immaterial, impertinent, or scandalous matter." The court may either act on its own accord or on a motion by either party made within 21 days of being served with the pleading. Rule 12(f)(1)-(2). Because the trial court may strike material in a pleading on its own accord, it is also within the court's discretion to consider an untimely motion. *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991).

Motions to strike generally are disfavored, although they may be granted if they remove unnecessary clutter from a case and expedite matters, rather than delay them. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Shirley v. Jed Capital, LLC*, 2010 WL 2721855, *5 (N.D. Ill. July 8, 2010); *Doe v. Brimfield Grade School*, 552 F.Supp.2d 816, 825 (C.D. Ill. 2008). The decision whether to strike material is within the discretion of the court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

The plaintiffs filed their motion to strike 31 days after Arctic Snow submitted its amended answer, so it was untimely. However, the plaintiffs' motion points to legal deficiencies in Arctic Snow's affirmative defenses. In order to reduce the claims for trial and eliminate legally improper issues, the court elects to consider the sufficiency of Arctic Snow's non-party defense.

Although disfavored, motions to strike may be useful when the parties disagree over the legal ramifications of uncontroverted facts, as may arise when a party pleads a legally insufficient affirmative defense. *Farmers & Merchants State Bank v. Norfolk & Western Ry. Co.*, 673 F.Supp. 946, 947 (N.D. Ind. 1987). In a diversity case, the court must assess the legal sufficiency

3

of an affirmative defense according to the governing state law. ***Farmers***, 673 F.Supp. at 947.

The Indiana Comparative Fault Statute, Indiana Code §34-51-2-14, provides that nonparties who were involved in the incident are to be considered when allocating fault with certain exceptions. A nonparty is a "person who caused or contributed to cause the alleged injury, death, or damage to property but who has not been joined in the action as a defendant." Ind. Code §34-6-2-88; ***Farmers***, 673 F.Supp. at 948. The nonparty must be subject to liability, and the defendant raising the nonparty defense must identify the nonparty with specificity in his answer since he bears the burden of proving the nonparty's liability. ***Cornell Harbison Excavating, Inc. v. May***, 546 N.E.2d 1186, 1187 (Ind. 1989) ("[T]he plain meaning and clear language of section 6 unmistakably require the disclosure of 'the name of the nonparty,' not merely a generic identification."). The trier of fact may not consider the liability of an unnamed nonparty. ***Cornell***, 546 N.E.2d at 1187; ***Kveton v. Siade***, 562 N.E.2d 461, 463 (Ind. App. 1990).

Arctic Snow reasons that the nonparty defense is necessary in the event that a co-defendant is dismissed. Arctic Snow, relying on ***Bowles v. Tatom***, 546 N.E.2d 1188 (Ind. 1989), argues that if a co-defendant is dismissed during the pendency of

4

litigation it has a right to object and name the former defendant as a nonparty. In *Bowles*, a municipality and adjacent landowners originally were joined as defendants with Tatom but were ultimately dismissed at the close of the plaintiff's case. Tatom remained as the sole defendant, but he continued to assert that the adjacent landowners and municipality were partially at fault for the injury. *Bowles*, 546 N.E.2d at 1189. The court determined that the adjacent landowners and municipality could not be held liable under the terms of the Comparative Fault Act because Tatom did not assert a nonparty defense or object to the dismissal of his co-defendants. *Bowles*, 546 N.E.2d at 1190 ("Because the statutory burden of proof is upon the defendant with respect to the nonparty defense, failure to timely present such an objection waives the defense as to the dismissed parties."). The court construed his failure to object to his co-defendants' dismissal as a waiver of the nonparty defense. *Bowles*, 546 N.E.2d at 1190. Arctic Snow now argues that it is necessary to include the nonparty defense in the event that its co-defendants are dismissed during the course of litigation.

Arctic Snow's reliance on *Bowles* is misplaced. The court faulted the defendant in *Bowles* for failing to object to his co-defendants' dismissal and considered this failure a waiver of the nonparty defense. Arctic Snow may escape sole liability if the

co-defendants are dismissed by objecting to their dismissal or by amending its answer to name the dismissed co-defendants as nonparties. The court cannot permit Arctic Snow's generic allegation that nonparties share liability when Indiana law clearly demands that nonparties must be named specifically. See **Cornell**, 546 N.E.2d at 1187 (explaining that a defendant must name the nonparty in its answer). Arctic Snow's answer does not identify the nonparties it alleges must share liability with its co-defendants. Rather, it generically states that its co-defendants and nonparties share liability. This is the type of generic pleading that the Indiana courts sought to prevent by demanding that nonparty defenses specifically identify the nonparty. Absent greater specificity, Arctic Snow has not adequately pled its third-party defense.

_____

Based on the foregoing reasons, the Motion to Strike Improper Nonparty Defense of Defendant Arctic Snow and Ice Control, Inc. [DE 24] filed by the plaintiffs, Denny and Georgia Nichols, on June 20, 2011, is **GRANTED**. The court **STRIKES** from Arctic Snow's Fourth Affirmative Defense, that the plaintiffs' injuries and damages may have been caused in full or part by nonparties.

ENTERED this 6th day of October, 2011


                                        s/ ANDREW P. RODOVICH
                                           United States Magistrate Judge